**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SOCIAL SECURITY ADMINISTRATION,**

                                **Petitioner,**

     v.                                       **6:09-cv-00846
                                                      (GLS)**

**PAUL J. GRIFFIN** *and*
**JEANNE M. GRIFFIN,**

                                **Respondents.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PETITIONER:** | |
| HON. ANDREW BAXTER<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, New York 13261 | WILLIAM F. LARKIN<br>Assistant U.S. Attorney |
| **FOR THE RESPONDENTS:** | |
| Office of James F. Selbach, P.C.<br>Winkworth Professional Building<br>2700 Bellevue Avenue<br>Syracuse, NY 13219 | JAMES F. SELBACH, ESQ. |
| Bodow Law Firm<br>1925 Park Street<br>Syracuse, NY 13208 | THEODORE L. ARAUJO, ESQ. |

**Gary L. Sharpe
U.S. District Judge**

**DECISION AND ORDER**

**I. Introduction**

Pending is a motion filed by the Social Security Administration (SSA) seeking appeal from an interlocutory order issued by the United States Bankruptcy Court for the Northern District of New York. The Bankruptcy Court held in favor of Paul and Jeanne Griffin, ruling that (1) emotional distress damages are compensable under § 362(k) of the Bankruptcy Code; (2) § 106 of the Bankruptcy Code waives sovereign immunity as to those damages; and (3) a damages inquest should be held. (*See* Pet'r Ex. C at 7,14, Dkt. No. 1:2.) For the reasons that follow, the motion is denied.

**II. Discussion**

SSA first claims that appeal of the order is appropriate under the collateral order doctrine. (*See* Pet'r Mot. at 8, Dkt. No. 1.) "The collateral order doctrine is a practical construction of the final judgment rule, which permits an appellate court to hear an appeal of a decision that would conclusively resolv[e] claims of right separable from, and collateral to, rights asserted in the action." *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 178-79 (2d Cir. 2008) (citations and internal quotation marks

omitted) (alteration in original).  The doctrine recognizes that "interlocutory appeals . . . are the exception, not the rule." *Id.* at 178 (quoting *Johnson v. Jones*, 515 U.S. 304, 309 (1995)).  It renders only a "small class of decisions . . . immediately appealable." *Id.* (citation and quotation marks omitted).  To fall within that limited class, the order appealed must, among other things, "be effectively unreviewable on appeal from a final judgment." *See id.* at 179 (citation and internal quotation marks omitted).   An order is "effectively unreviewable" if it affects rights that "will be irretrievably lost in the absence of an immediate appeal."  *See In re Johns-Manville Corp.*, 824 F.2d 176, 180-81 (2d Cir. 1987) (citation and internal quotation marks omitted).

SSA has failed to demonstrate that the challenged order is "effectively unreviewable."  SSA claims that the Bankruptcy Court incorrectly ruled that SSA's sovereign immunity is waived as to the Griffins' claims against it.  (*See* Pet'r Mot. at 2, Dkt. No.1.)  SSA also contends that federal sovereign immunity encompasses immunity from the "burdens of litigation," and not merely immunity from liability.  (*Id.* at 5.)  SSA therefore argues that the challenged order would be effectively unreviewable on appeal from final judgment because SSA's asserted "right not to endure

the burdens of litigation" would be irretrievably lost.  (*See* Pet'r Mot. at 6-7, Dkt. No. 1).

SSA's motion based on the collateral order doctrine is denied.  As SSA concedes, it is unclear in this Circuit that federal sovereign immunity would encompass "a right not to stand trial," or an "immunity from the burdens of litigation" in this case.  (*See id.* at 5-6 ("[T]he issue is not entirely free from doubt.") (discussing *In re World Trade Ctr.*, 521 F.3d at 190-91).)  Moreover, SSA has failed to sufficiently brief the issue for the court's consideration.  Accordingly, SSA has failed to demonstrate that the challenged order is "effectively unreviewable" and eligible for immediate appeal under the collateral order doctrine.  Its motion based on that doctrine is therefore denied.

SSA next argues that the Bankruptcy Court's order qualifies for immediate appeal under 28 U.S.C. §158(a)(3).[1]  Section 158(a)(3) grants district courts discretionary appellate jurisdiction over an interlocutory order of the bankruptcy court.  *See* 28 U.S.C. § 158(a)(3) (2008).  "In determining whether to grant leave to appeal an interlocutory order of a  bankruptcy

---

[1] Federal Rule of Bankruptcy Procedure 8003(a) sets out the content requirements of a motion seeking leave to appeal a Bankruptcy Court order under §158(a)(3).  SSA has satisfied those requirements.

4

court, district courts generally apply the statutory standard, set forth in 28 U.S.C. § 1292(b), governing interlocutory appeals of the district court to the Court of Appeals." *In re Cross Media Mktg Corp.*, 2007 WL 2743577, at *2 (S.D.N.Y. Sept. 19, 2007); *see also In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005). Under that standard, a petitioner must show that the challenged order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. § 1292(b) (2008).

SSA's motion based on 28 U.S.C. § 158(a)(3) is denied. In support of its § 158 argument, SSA points out that reversal of the Bankruptcy Court's ruling would result in the termination of the action. Given the late stage of the underlying bankruptcy proceedings, however, the court finds that granting an immediate appeal would not serve to *materially* advance the termination of the litigation. Accordingly, leave to appeal the Bankruptcy Court's order under § 158 is denied.

### III. Conclusion

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that SSA's motion is **DENIED**; it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order upon the Bankruptcy Court of the Northern District of New York.

**IT IS SO ORDERED**.

Dated: September 24, 2009

Albany, New York

_____
United States District Court Judge